

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 12, 1939

Honorable Hazel H. Beckham
Executive Secretary-Director
State Commission for the Blind
Austin, Texas

Dear Miss Beckham:

Opinion No. O-800
Re: Does the Legislature of
Texas have legal author-
ity to authorize the
State Board of Control to
allow a blind person to
operate a cigar, cigarette,
magazine, and confection-
ery stand in the State
Capitol.

We acknowledge receipt of your letter dated May
11th, in which you requested an opinion of the Attorney
General regarding the authority of the Legislature of
Texas to authorize the State Board of Control to allow a
blind person to operate a cigar, cigarette, magazine, and
confectionery stand in the State Capitol building.

The answer to your question will be found in the
following quotation from the opinion in the case of Conley
v. Daughters of the Republic, 156 S. W. 197, decided by
the Supreme Court of Texas:

"The power of the Legislature of this
State, with reference to the property in
question, is not limited by any provision
of the Constitution; therefore, it has in
general 'the same right and powers in
respect to property as an individual. It
may acquire property, real or personal,

by conveyance, will, or otherwise,
and hold or dispose of the same or ap-
ply it to any purpose, public or pri-
vate, as it sees fit. The power of
the State in respect to its property
right is vested in the Legislature, and
the Legislature alone can exercise the
power necessary to the enjoyment and
protection of those rights, by the enact-
ment of statutes for that purpose......
The state has, in general the same power
to contract as a corporation or an indivi-
dual.' 36 Cyc., p. 869, 871."

In this connection we call your attention to an
act of the Legislature passed in 1884 which prohibits the
use of any part of the State Capitol building, with
certain exceptions, for private purposes. We quote this
statute in full:

"Article 668. No room, apartment, or office
in the State Capitol building shall be
used at any time by any person as a bed-
room or for any private purposes whatever.
This Article shall not apply to the rooms
occupied by the Judges of the Supreme Court
and the Courts of Civil and Criminal Appeals
on the third and fourth floors of the Capi-
tol."

In view of this statute it is our opinion that
the use of any portion of the State Capitol building for the
purposes mentioned in your letter is now prohibited by
law. The Legislature, however, has the authority and,
of course, may at any time it sees fit amend the above
statute or pass a new statute permitting the use of a
part of the State Capitol building for the purposes men-
tioned in your letter.

It is, therefore, our opinion that the Legislature
of Texas has ample authority to authorize the State Board
of Control to allow a blind person to operate a cigar, cigar-
ette, magazine and confectionery stand in the State Capitol.

You are further advised, it is our opinion that
the use of a portion of the State Capitol building for the

Honorable Hazel H. Beckham, May 12, 1939, Page 3

poses mentioned in your letter is now prohibited by law; but the Legislature may, by enacting another statute or amending the above quoted statute, authorize the use of a portion of the State Capitol building for such purposes.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Tom D. Rowell
Tom D. Rowell
Assistant

TDR:FL

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY CHAIRMAN